Carlos VALDEZ, Appellant,

v.

**The STATE of Texas.**

No. PD–0500–06.

Court of Criminal Appeals of Texas.

March 21, 2007.

83

Matthew Dekoatz, El Paso, for appellant.

Tom A. Darnold, Assistant District Attorney, El Paso, Matthew Paul, State's Attorney, Austin, for the State.

## *OPINION*

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, JOHNSON, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

This is a jury-unanimity case. A jury convicted appellant of two robberies.[1] Pursuant to Section 12.42(d), TEX. PEN. CODE, the jury assessed enhanced 30–year sentences for these robbery convictions after unanimously finding that appellant "had been finally convicted of at least one [felony] offense on two separate occasions from at least two of the following [enhancement] paragraphs."

(a) the offense of Burglary of a Vehicle Habitualized or Burglary of a Vehicle Habitualized or Burglary of a Vehicle Habitualized, in Cause Number 6127965 or 60727 or 60726, in the 65th Judicial District Court of El Paso County on the 5th day of August, 1991,

(b) the offense of Burglary of a Vehicle Enhanced or Burglary of a Vehicle in the 327th Judicial District Court of El Paso County, Texas in Cause Numbers 54622 or 55373 on the 12th day of June, 1989,

(c) the offense of Burglary or Burglary of a Vehicle, in the 243rd Judicial district Court of El Paso County, Texas in Cause Number 52173243 or 50847243, on the 7th day of March, 1988[.[2]]

1. Robbery is a second-degree felony with a range of two to twenty years. *See* §§ 29.02; 12.33, TEX. PEN.CODE.

2. The record contains evidence (shown primarily by various pen packets) to support each of the seven felony convictions set out in

these paragraphs. The State also argued to the jury:

> But if you'll turn to page—well, page two. Page two will be the first part I'll start with. You'll see where it says "A, B and C." "A" is basically State's Exhibit 34, which is this

Appellant claimed for the first time on direct appeal that the jury's enhancement findings violate his right to a unanimous jury verdict. The Court of Appeals rejected this claim. *See Valdez v. State*, No. 08–04–00104–CR, slip op. at 14–15, 2006 WL 663580 (Tex.App.-El Paso, delivered March 16, 2006) (not designated for publication) ("fact that the charge did not require unanimity regarding the preliminary facts leading to the finding of habitual offender status, does not require a finding that the charge was erroneous"). We granted review of the following ground:

> Whether the El Paso Court of Appeals erred in allowing an enhanced punishment on a less than unanimous jury verdict?

Appellant argues that the jury was permitted to assess an enhanced punishment under Section 12.42(d) "without reaching a consensus as to which enhancement convictions, paragraphs and attendant cause numbers that the State was required to prove beyond a reasonable doubt." Appellant further argues that the jury should have been "required to reach a unanimous decision as to which convictions, if any, could be used to enhance punishment."

■ Recent case-law establishes that the question of what a jury must be unanimous about in cases like this is determined by the legislative intent of the applicable statute. *See White v. State*, 208 S.W.3d 467, 468–69 (Tex.Cr.App.2006); *Jefferson v. State*, 189 S.W.3d 305, 311–13 (Tex.Cr. App.), *cert. denied*, —— U.S. ——, 127 S.Ct. 386, 166 L.Ed.2d 276 (2006). The applicable statute in this case is Section 12.42(d), which, in relevant part, provides for enhanced punishment if the defendant has previously been convicted of "two felony offenses."[3] This unambiguous "two felony offenses" language in Section 12.42(d) is an element about which a jury must be unanimous. *Compare White*, 208 S.W.3d at 468–69 ("felony-murder" under Section 19.02(b)(3), Tex. Pen.Code, requires jury unanimity on the element that the defendant committed a "felony").

■ The jury's finding in this case that appellant "had been finally convicted of at least one [felony] offense on two separate occasions from at least two" of the enhancement paragraphs is a unanimous finding that appellant committed at least "two felony offenses" even though some of the jurors may have believed that he committed at least one of the felonies set out in paragraphs "a" and "b," and some of the jurors may have believed that he committed at least one of the felonies set out in paragraphs "b" and "c," and the rest of the jurors may have believed that he commit-

pen packet right here (indicating). Okay? And then "B" is going to be State's Exhibit 32, which is this pen packet right here (indicating)? And then "C" is State's Exhibit 31. All right?

\* \* \*

And the reason I'm telling you this, the reason why this charge is so complicated is because each one of these does not represent just one crime. Each one of them represents—if you're looking at State's Exhibit 34, three different crimes. If you're looking at State's Exhibit 32 or "B" in your charge, it's two crimes. And State's Exhibit C—or State's Exhibit 32 (sic), which is "C" in your charge, it's two crimes. Okay?

3. Section 12.42(d) states:

> (d) If it is shown on the trial of a felony offense other than a state jail felony punishable under [Section 12.35(a), Tex. Pen.Code] that the defendant has previously been convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

ted at least one of the felonies set out in paragraphs "a" and "c." *Compare White,* 208 S.W.3d at 468–69 (jury unanimously found that defendant committed a "felony" even though some of the jurors may have believed that he committed felony A and the rest of the jurors may have believed that he committed felony B). This applies to any other similar combination of findings.[4] *Compare id.* In cases like this, when a combination of more than two felonies is charged for enhancement purposes, jury unanimity is not required on any two specific felonies out of this combination. *Compare id.* ("felony-murder" statute requires jury unanimity that the defendant committed a "felony" and "not one specific felony out of a combination of felonies").

The judgment of the Court of Appeals is affirmed.

WOMACK, J., concurred.

4.  The State argued to the jury that there was        "about a trillion combinations."