

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00225-CR

**DEVYN JERAN LAKOSE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2008-1549-C1

## MEMORANDUM OPINION

A jury convicted Devyn Jeran Lakose of murder and sentenced Lakose to ninety-nine years in prison. In two issues, Lakose challenges instructions given in the trial court's punishment charge. We affirm.

### STANDARD OF REVIEW

When reviewing a jury charge, we first examine the charge for error. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If error occurred, we then decide whether the error

caused harm.  *Id.*  When, as here, an appellant fails to object to the charge at trial, he must show egregious harm to prevail on appeal.  *Id.* at 743-44; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

## THE PUNISHMENT CHARGE

The trial court's punishment charge states, in pertinent part:

The State has introduced evidence of extraneous crimes or bad acts other than the one charged in the indictment in this case.  This evidence was admitted only for the purpose of assisting you, if it does, in determining the proper punishment for the offense for which you have found the defendant guilty.  *You may not consider such testimony for any purpose unless you, as an individual juror, believe beyond a reasonable doubt that the defendant committed such other crimes or bad acts, if any were committed.  It is not necessary that all of you agree that the Defendant committed these other crimes or acts, but unless you, as an individual juror, believe beyond a reasonable doubt that the Defendant committed such acts, you may not consider this evidence for any purpose.*  Even if you do believe beyond a reasonable doubt that the Defendant committed such acts, you may not consider them to show that he is predisposed to commit such acts but only to assist you in assessing the proper punishment in this case.

You are further instructed that if you, as an individual juror, believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, *you may consider those offenses for the purpose of assisting you, if it does assist you, in assessing the credibility of the Defendant's testimony.*  Unless you believe beyond a reasonable doubt that the Defendant committed such offenses or conduct, you may not consider this evidence for any purpose.

## UNANIMITY

In issue one, Lakose complains that the trial court erred by instructing the jury that unanimity is not required with regard to extraneous-offense evidence.  He argues that, like aggravating factors and the issue of sudden passion, extraneous offenses require jury unanimity.

The State may introduce, at punishment, evidence of "an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible…" Tex. Code Crim. Proc. Ann. art. 37.07 §3(a)(1) (Vernon Supp. 2009).

> Prior crimes or bad acts are introduced to provide additional information which the jury may use to determine what sentence the defendant should receive. The statute requires that such evidence may not be considered in assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact-finder may use the evidence however it chooses *in assessing punishment*.

*Fields v. State*, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). Article 37.07 does not "deprive the jury of its ultimate fact finding role." *Escovedo v. State*, 902 S.W.2d 109, 114 (Tex. App.—Houston [1st Dist.] 1995, pet.).

Lakose cites several out-of-state cases for the proposition that, like aggravating factors, extraneous offenses require jury unanimity. *See State v. Simon*, 737 A.2d 1, 33 (N.J. 1999); *see also State v. Kirkley*, 302 S.E.2d 144, 157 (N.C. 1983), *overruled on other grounds by State v. Shank*, 367 S.E.2d 639 (N.C. 1988); *Commonwealth v. Cox*, 863 A.2d 536, 553 (Pa. 2004). In Texas, jury unanimity is not required as to the specific aggravating factor underlying a general verdict. *See Leal v. State*, 303 S.W.3d 292, 297 (Tex. Crim. App. 2009).

On the other hand, a sudden passion finding does require jury unanimity: (1) "the evident purpose of the statute -- to increase the reliability of jury verdicts -- is best achieved if the statute is interpreted to apply to the jury's preliminary vote on sudden passion;" and (2) "if the Legislature intended to exempt the jury's decision on the

sudden passion issue from the statutory unanimity requirement, it would have stated its intention expressly." *Sanchez v. State*, 23 S.W.3d 30, 34 (Tex. Crim. App. 2000).

According to the El Paso Court, *Sanchez* left open the question of whether "unanimity is required as to the preliminary factual issues such as findings with regard to prior felony convictions and their sequencing as opposed to unanimity regarding the jury's ultimate decision regarding the amount of punishment:"

> [I]n the context of allegations of alternate manners or means of committing a single offense, "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." The State maintains that as the charge required the jury to unanimously find Appellant's status as a habitual offender and the number of years to be assessed, the charge does not violate the holding in *Sanchez*. We agree. The fact that the charge did not require unanimity regarding the *preliminary facts* leading to the finding of habitual offender status, does not require a finding that the charge was erroneous.

*Valdez v. State*, No. 08-04-00104-CR, 2006 Tex. App. LEXIS 2025, at *20-21 (Tex. App.—El Paso Mar. 16, 2006) (not designated for publication) (emphasis added) (internal citations omitted). The Court of Criminal Appeals affirmed:

> The jury's finding in this case that appellant "had been finally convicted of at least one [felony] offense on two separate occasions from at least two" of the enhancement paragraphs is a unanimous finding that appellant committed at least "two felony offenses" even though some of the jurors may have believed that he committed at least one of the felonies set out in paragraphs "a" and "b," and some of the jurors may have believed that he committed at least one of the felonies set out in paragraphs "b" and "c," and the rest of the jurors may have believed that he committed at least one of the felonies set out in paragraphs "a" and "c." This applies to any other similar combination of findings. In cases like this, when a combination of more than two felonies is charged for enhancement purposes, jury unanimity is not required on any two specific felonies out of this combination.

*Valdez v. State*, 218 S.W.3d 82, 84-85 (Tex. Crim. App. 2007) (internal citations and footnotes omitted).

Moreover, the California Supreme Court rejected the argument that "the jury must be instructed not to consider evidence of 'other crimes' unless it *unanimously agreed* that the prosecution met its burden of proof on such crimes:"

> In so asserting, defendant misunderstands the penalty determination process. Section 190.3 provides that a jury may consider a number of factors in determining the appropriate penalty. To impose a penalty of death, each juror must evaluate the evidence and then unanimously determine that the aggravating factors outweigh the mitigating factors. There is no requirement that the jury agree on *which* factors were used to reach the decision. It is therefore unnecessary that the entire jury find the prosecutor met his burden of proof on the "other crimes" evidence before a single juror may consider this evidence.

*People v. Miranda*, 744 P.2d 1127, 1152-53 (Cal. 1987), *disapproved of on other grounds by People v. Marshall*, 790 P.2d 676 (Cal. 1990). Unanimity is required on a "final verdict or special finding," but not a "foundational matter." *Id*. at 1153. The defendant is "entitled to a unanimous jury verdict in the *final determination as to penalty*." *Id*.

Article 37.07 requires the jury to unanimously agree on the amount of punishment. *See Sanchez*, 23 S.W.3d at 33; *see also* TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(c). In doing so, the jury may consider extraneous offenses, provided the jurors believe the offenses are proven beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1). However, extraneous offenses are merely "additional information,""foundational matters," or "preliminary factual issues" used to assess punishment. *Fields*, 1 S.W.3d at 688; *Miranda*, 744 P.2d at 1152-53; *Valdez*, 2006 Tex. App. LEXIS 2025, at *20-21. The jury need not agree on the specific extraneous offense or

offenses underlying its general verdict on punishment. *See Miranda*, 744 P.2d at 1152-53; *see also Valdez*, 218 S.W.3d at 84-85; *Valdez*, 2006 Tex. App. LEXIS 2025, at \*20-21. All to which a defendant is entitled is a "unanimous jury verdict in the *final determination as to penalty*." *Miranda*, 744 P.2d at 1152-53.

In this case, the trial court instructed the jury that its final verdict on punishment must be unanimous. We assume that the jury followed this instruction. *See Hooper v. State*, 255 S.W.3d 262, 271 (Tex. App.—Waco 2008, pet. ref'd). Because jury unanimity was required as to the amount of punishment, but not as to the extraneous offenses underlying its verdict, we cannot say that Lakose's right to a unanimous jury verdict was violated by the trial court's instruction. We overrule issue one.

## LIMITING INSTRUCTION

In issue two, Lakose contends that the punishment charge limited the jury's consideration of extraneous-offense evidence to an improper purpose, *i.e.*, matters involving his credibility.

Citing *Rivera v. State*, 233 S.W.3d 403 (Tex. App.—Waco 2007, pet. ref'd), Lakose contends that, just as the guilt/innocence charge cannot limit the jury's use of extraneous offenses to credibility, nor can the punishment charge. In *Rivera*, we explained:

> Except for prior convictions admitted under Rule of Evidence 609, extraneous-offense evidence is not admissible to impeach a testifying defendant. The defendant can "open the door" by leaving a false impression with the jury about a relevant act or character trait, and evidence of an extraneous act that tends to rebut the false impression may be admissible to impeach the defendant, but with a limiting instruction informing the jury that it may use the extraneous-offense evidence to

gauge the defendant's credibility. But in a case such as this where the extraneous offenses are the unelected offenses that were admissible under *section 2 of article 38.37* and the defendant merely testifies that he did not commit the elected offenses and the now-extraneous (*i.e.*, unelected) offenses, a limiting instruction to the jury that it may use those extraneous offenses to pass on the credibility of the defendant's testimony is erroneous.

*Rivera*, 233 S.W.3d at 406 (emphasis added) (internal citations omitted). Article 38.37, section 2, addresses "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense." TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2 (Vernon Supp. 2009). *Rivera* is inapplicable.

Lakose further relies on Rules 608 and 609 to support his position:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

TEX. R. EVID. 608(b); TEX. R. EVID. 609(a). Rule 609 applies "only to convictions introduced for impeachment purposes." *Barnett v. State*, 847 S.W.2d 678, 679-80 (Tex. App.—Texarkana 1993, no pet.). "Convictions admissible under TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) are not for impeachment purposes, but for assessing punishment." *Id*. at 680.

Moreover, the Court of Criminal Appeals has held: "Article 37.07 governs the admissibility of evidence during the punishment stage of a non-capital criminal trial." *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007). The rule allows evidence to be offered on "*any matter* the court deems *relevant* to sentencing," including extraneous crimes and bad acts. TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (emphasis added).

In *McGee*, after McGee testified at guilt/innocence, the State offered witness testimony at punishment for the "purpose of showing that appellant's guilt-stage testimony had been a lie and, therefore, an 'extraneous crime or bad act' within the meaning of Article 37.07, § 3(a), of the Texas Code of Criminal Procedure." *McGee*, 233 S.W.3d at 316. The Court of Criminals Appeals agreed:

> In this case, the trial court, during the punishment stage, admitted evidence offered by the State for the purpose of showing that appellant lied on the witness stand during the guilt stage. Clearly, the trial court could have reasonably concluded that such evidence would be helpful to the jury in determining the appropriate sentence for appellant in this case. As the United States Supreme Court has noted, "[a] defendant's truthfulness or mendacity while testifying on his own behalf, almost without exception, has been deemed probative of his attitudes toward society and prospects for rehabilitation and hence relevant to sentencing."

*Id*. at 318 (quoting *U.S. v. Grayson*, 438 U.S. 41, 50, 98 S. Ct. 2610, 2616, 57 L. Ed. 2d 582 (1978)).

In light of Article 37.07 and *McGee*, when considering extraneous crimes and bad acts for the purpose of assessing punishment, the jury may use such evidence to pass upon the defendant's credibility because the defendant's "truthfulness" and "mendacity" are relevant to the issue of punishment. *See McGee*, 233 S.W.3d at 318.

In this case, Lakose testified at the punishment phase. Extraneous-offense evidence would have been relevant to the issue of punishment because it is probative of Lakose's "truthfulness or mendacity." Because Lakose's truthfulness is a proper purpose for evaluating extraneous-offense evidence introduced at punishment, we cannot say that the trial court erred by so limiting the jury's consideration of such evidence. *See McGee*, 233 S.W.3d at 318. We overrule issue two.

Having overruled Lakose's two issues, we affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 4, 2010
Do not publish
[CRPM]