Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-10-00326-CR

Michael **ROWE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR8160
Honorable Raymond Angelini, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Rebecca Simmons, Justice
Steven C. Hilbig, Justice (concurring in the judgment only)
Marialyn Barnard, Justice

Delivered and Filed: August 24, 2011

AFFIRMED

A jury found appellant Michael Rowe guilty of burglary with intent to commit aggravated assault. The trial court sentenced him to sixty years confinement in the Texas Department of Criminal Justice–Institutional Division and assessed a $2,000 fine. On appeal, Rowe raises a single issue in which he contends the evidence was insufficient to support the jury's finding of true on the enhancement allegations. We affirm the trial court's judgment.

**Background**

A detailed rendition of the facts is unnecessary to our disposition of the appeal. Accordingly, we will provide only a brief factual recitation for context and as necessary for resolution of Rowe's issue.

Rowe forcibly entered the complainant's home in the early morning hours of May 15, 2009. He then entered the complainant's bedroom and shot her five times. Fortunately, the complainant survived. Based upon statements from the complainant as well as another witness, the police arrested Rowe. Rowe was indicted for the felony of burglary of a habitation with intent to commit aggravated assault. The indictment also alleged, for purposes of enhancement, that Rowe had committed two prior felonies before the instant offense.

After considering the evidence, the jury found Rowe guilty and the case proceeded to the punishment phase. At the punishment phase, the State introduced evidence of two previous Illinois convictions for the purpose of enhancing Rowe's sentence to that of "repeat offender" status, thereby increasing the time in prison Rowe might have to serve.

To prove the prior convictions, the State offered into evidence pen packets from Illinois showing Rowe had been convicted of kidnapping and aggravated battery. Although the trial court did not admit all of the information in the packets, it did admit into evidence portions of the packets that included the judgments of conviction. The State also introduced testimony from a member of the Bexar County Sheriff's Office Records Identification Section, which established Rowe was the person who had been convicted of the Illinois offenses. The witness arrived at the conclusion through a comparison of fingerprints on the prior Illinois judgments and Rowe's prints which were obtained when he was arrested and booked in Texas.

The jury was instructed, with regard to the enhancement allegations, to return a verdict of "true" if it found beyond a reasonable doubt that the State had proven either of the prior offenses were final, felony convictions. The jurors were not required to specify which, if either, of the prior felonies it found to be true. The jury found at least one of the prior felony convictions "true," and recommended a sentence of sixty years. After the trial court rendered its judgment, Rowe perfected this appeal.

## Analysis

In a single issue, Rowe contends the evidence is insufficient to support the jury's finding of "true" to the enhancement allegation. More specifically, Rowe argues no rational trier of fact could have found beyond a reasonable doubt: (1) he committed the prior felonies, or (2) that the convictions were final.

### *Standard of Review*

The Court of Criminal Appeals has held only one standard is to be used to evaluate the sufficiency of the evidence: legal sufficiency. *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). Accordingly, we must review the sufficiency of the evidence in this case under the legal sufficiency standard established in *Jackson v. Virginia*, 443 U.S. 307 (1970). *See Brooks*, 323 S.W.3d at 906.

When reviewing the legal sufficiency to support a jury's finding of true to an enhancement allegation, we view the evidence in the light most favorable to the jury's answer to determine whether a rational trier of fact was justified in finding the enhancement allegation "true" beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899. We must keep in mind that the reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Id.* at 901–02;

*Martinez v. State*, 980 S.W.2d 662, 664 (Tex. App.—San Antonio 1998, pet. ref'd). We must defer to the fact finder's resolution of conflicting evidence unless the resolution is irrational. *Brooks*, 323 S.W.3d at 902, 907.

### *Application*

As for Rowe's claim that the evidence is insufficient because the State failed to establish either prior Illinois offense was a felony, we disagree. Although it is true, as Rowe alleges, the prosecution did not introduce evidence specifically establishing the grade of offense for either of the Illinois convictions, the State was not required to do so.

To enhance punishment of a first degree felony offense with a prior offense, the State must show the defendant "has been once before convicted of a felony." TEX. PENAL CODE ANN. § 12.42(c)(1) (West 2011). The State need not, however, prove the prior felony is of a particular grade or would be a felony under Texas law because section 12.41(1) of the Penal Code specifically provides that convictions not obtained under the Texas Penal Code are felonies of the third degree if imprisonment in a penitentiary is a possible punishment. *See id.* § 12.41(1). Texas courts have held this section applies to out-of-state convictions. *See, e.g., Davis v. State*, 645 S.W.2d 288, 292 (Tex. Crim. App. 1983); *Tucker v. State*, 136 S.W.3d 699, 701 (Tex. App.—Texarkana 2004, no pet.); *Golden v. State*, 874 S.W.2d 366, 368 (Tex. App.—Beaumont 1994, pet. ref'd). Thus, the State was only required to prove Rowe's prior offenses were punishable by imprisonment in a penitentiary. *See id.*; *see also* TEX. PENAL CODE ANN. § 12.41(1).

As noted above, the State introduced, and the trial court admitted into evidence, the Illinois judgments. Although the judgments did not refer to Rowe's prior offenses as felonies, they establish he was sentenced to a term of years in the Illinois Department of Corrections, the

state's penitentiary. Thus, we hold the State produced sufficient evidence to establish the prior Illinois convictions were felonies for purposes of enhancement. *See* TEX. PENAL CODE ANN. § 12.41(1).

Rowe also contends the evidence was insufficient to support the jury's finding on the enhancement allegation because the State failed to establish either of the prior convictions were final. Again, we disagree.

Contrary to the State's assertion, a prior conviction must be final before the commission of the primary offense for it to be used to enhance punishment.[1] *Jordan v. State*, 36 S.W.3d 871, 873 (Tex. Crim. App. 2001); *Russell v. State*, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990) (en banc). Generally, a conviction from which an appeal has been taken is not considered final until it is affirmed by the appellate court and that court's mandate becomes final. *Jones v. State*, 77 S.W.3d 819, 822 (Tex. Crim. App. 2002). However, "'[a]fter the State establishes that a defendant has been previously convicted,'" the appellate court must presume the conviction is final "when faced with a silent record regarding such.'" *Id*. (quoting *Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990)). Accordingly, when the State offers into evidence a certified copy of a judgment and sentence, it has made a prima facie case that the conviction reflected in the judgment and sentence is a final conviction absent any evidence to the contrary. *Jones*, 77 S.W.3d at 822. "If the judgment of conviction has been set aside, vacated or appealed, the defendant must offer some evidence to support that fact." *Id*. at 823. Only if the defendant

---

[1] The State contends that because section 12.42(c) does not state the defendant must have been "finally convicted" of another felony before it can be used for enhancement, unlike section 12.42(a), it need not prove the convictions were final. The court of criminal appeals has answered this question in opposition to the State's contention. In *Jordan v. State*, the court of criminal appeals noted the absence of the word "finally" from section 12.42(c), but held that despite the language, the word "conviction" means a "final conviction." 36 S.W.3d at 873–74.

offers such evidence is the State required to prove beyond a reasonable doubt that the conviction has been affirmed and the mandate has issued. *Id*.

Here, the evidence introduced by the State and admitted by the trial court establishes that at least one of the two prior convictions was a final conviction. One of the Illinois judgments shows in its certification that it was appealed, but the certification for the other conviction contains no such indication. We hold this is some evidence establishing that one of the prior convictions was not appealed. This was sufficient to shift the burden to Rowe to provide some evidence the conviction was appealed. Rowe provided no such evidence; he took no action to challenge either conviction.[2] We therefore hold there was some evidence to establish at least one of Rowe's prior convictions was final.

Because there was evidence to establish Rowe's prior convictions were felonies, and that at least one of the prior convictions was final, we overrule his sufficiency issue and hold the evidence was sufficient to support the jury's finding of true to the enhancement allegation.

Though included in his argument that the evidence was insufficient, Rowe actually makes a separate argument that he is entitled to reversal because the jury's finding of "true" was not unanimous. The court of criminal appeals, in an opinion addressing another portion of section 12.42 of the Penal Code, concluded there was no jury unanimity issue where jurors could have found between any of the numerous combinations of prior offenses to conclude that the defendant was a habitual offender. *Valdez v. State*, 218 S.W.3d 82, 84–85 (Tex. Crim. App. 2007). In other words, when more than one prior felony conviction is presented for enhancement purposes, jury unanimity is not required on any specific prior conviction to sustain a finding of "true." *See id.* Although *Valdez* dealt with section 12.42(d) we find no basis to decline to adopt

---

[2] We note Rowe initially pled true to the enhancements. In his words, he only changed his plea because he "just want[ed] to see if they have it."

its rationale for enhancements arising under section 12.42(c). We therefore hold an absence of jury unanimity, if it in fact existed, is no bar to enhancement of Rowe's conviction, and we overrule this complaint.

## CONCLUSION

Based on the foregoing, we overrule Rowe's complaints and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish