In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00154-CR
_____

GERALD DONALD FRANKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-14918**

**MEMORANDUM OPINION**

A jury convicted appellant Gerald Donald Franklin of burglary of a habitation as a habitual felony offender and assessed punishment at fifty-five years of confinement.[1] In five appellate issues, Franklin contends the evidence was

[1]We note that the trial court's judgment erroneously states that defendant was convicted of a first-degree felony. Franklin was indicted for the second-degree felony offense of burglary of a habitation, but his punishment range was increased to that for a first-degree felony due to his status as a habitual felony offender. *See* 43A George E. Dix & John M. Schmolesky, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 46.78 (3d ed. 2011) ("The 'primary offense' is the criminal offense of which the defendant has most recently been convicted. The

insufficient to support the jury's finding that the enhancement paragraphs were true, the jury lacked unanimity as to which prior offenses it used to enhance Franklin's sentence, and the State failed to disclose potentially exculpatory evidence. We affirm the trial court's judgment of conviction.

ISSUES ONE AND TWO

In issues one and two, Franklin challenges the sufficiency of the evidence to support the jury's finding that the enhancement paragraphs are true. Specifically, Franklin argues that the sequence of prior offenses alleged by the State in its notice of Franklin's status as a habitual felony offender is inaccurate and temporally impossible. The State alleged in its written notice of Franklin's status as a habitual felony offender that before the commission of the primary offense, Franklin was convicted of (1) felony theft of an automobile on July 13, 1984, (2) unauthorized use of a motor vehicle on July 20, 1984, (3) delivery of a controlled substance on February 10, 1988, (4) burglary of a motor vehicle with intent to commit theft on February 10, 1988, (5) attempted burglary of a habitation with intent to commit theft on September 14, 1988, (6) unauthorized use of a motor vehicle on December 12, 1989, (7) robbery on April 15, 1992, and (8) theft on May 16, 2005. The State

range of punishment for the primary offense will be increased if during the penalty phase of the trial for that offense if the required prior . . . convictions are proved."). Franklin does not raise an appellate issue regarding the error, so we do not address it.

2

made various allegations in the notice concerning the particular sequence in which the various prior convictions became final.

During the punishment phase, Franklin pleaded "true" to each of the enhancement allegations, and the State introduced certified copies of pen packets as exhibits. The pen packets contained the following: (1) a judgment, dated July 20, 1984, which revoked Franklin's probation for unauthorized use of a motor vehicle and sentenced him to three years of confinement; (2) a judgment, dated July 13, 1984, which revoked Franklin's probation for theft of an automobile and sentenced him to three years of confinement; (3) a judgment, dated February 10, 1988, which indicated that Franklin pleaded guilty to burglary of a motor vehicle with intent to commit theft and was sentenced to five years of confinement; (4) a judgment, dated February 10, 1988, which stated that Franklin pleaded guilty to delivering cocaine and was sentenced to five years of confinement; (5) a judgment, dated September 14, 1988, which indicated that Franklin was convicted of attempted burglary of a habitation with intent to commit theft and was sentenced to nine years of confinement; (6) a judgment, dated December 12, 1989, which reflected that Franklin pleaded guilty to unauthorized use of a motor vehicle and was sentenced to eighteen years of confinement; (7) a judgment, dated April 15, 1992, which stated that Franklin pleaded guilty to robbery and received a sentence

3

of twenty-five years of confinement; and (8) a judgment, dated May 16, 2005, which reflected that a jury found Franklin guilty of theft and that Franklin received a sentence of ten years of confinement.

It is not necessary to allege prior convictions for enhancement purposes with the same particularity that must be used in charging the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *Barrett v. State*, 900 S.W.2d 748, 752 (Tex. App.—Tyler 1995, pet. ref'd). Enhancement allegations need not be pleaded in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). The purpose of enhancement allegations is to give the defendant notice of the prior convictions upon which the State intends to rely. *Cole v. State,* 611 S.W.2d 79, 82 (Tex. Crim. App. 1981).

Section 12.42(d) of the Texas Penal Code provides as follows, in pertinent part:

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code Ann. § 12.42(d) (West Supp. 2012). Under section 12.42(d), the State need only prove that Franklin had two prior felony convictions, and that the

4

second occurred after the first became final. *See id*. Except for meeting the requirements of section 12.42(d), the State need not allege the sequence of the enhancement allegations. *See Derichsweiler v. State*, 359 S.W.3d 342, 350 (Tex. App.—Fort Worth 2012, pet. ref'd); *see also Williams v. State*, 356 S.W.3d 508, 516-17 (Tex. App.—Texarkana 2011, pet. ref'd). The evidence was sufficient to support the jury's verdict that Franklin had previously been finally convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final. *See* Tex. Penal Code Ann. § 12.42(d). Accordingly, we overrule issues one and two.

## ISSUE THREE

In issue three, Franklin argues that "it cannot be shown that the jury was unanimous on which prior offenses it used to enhance the appellant's sentence[.]" When the State charges a combination of more than two prior felony convictions for enhancement purposes, the jury need not be unanimous as to any two specific felonies from the combination. *Valdez v. State*, 218 S.W.3d 82, 85 (Tex. Crim. App. 2007). Accordingly, we overrule issue three.

## ISSUES FOUR AND FIVE

In issues four and five, Franklin argues that the State failed to disclose a videotape that he alleges was potentially exculpatory or impeaching, thereby

violating his rights under the U.S. Constitution and the Texas Constitution. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Franklin does not identify any place in the record where he raised this complaint before the trial court, and we found none. Because Franklin did not present his complaint to the trial court, it is not preserved for appeal. *See* Tex. R. App. P. 33.1(a); *Keeter v. State*, 175 S.W.3d 756, 759-61 (Tex. Crim. App. 2005); *Apolinar v. State*, 106 S.W.3d 407, 421 (Tex. App.—Houston [1st Dist.] 2003), *aff'd on other grounds*, 155 S.W.3d 184 (Tex. Crim. App. 2005). Accordingly, we overrule issues four and five and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on September 4, 2013
Opinion Delivered September 25, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.