James Earl TURNER, Appellant,

v.

The STATE of Texas, State.

No. 2–87–147–CR.

Court of Appeals of Texas,
Fort Worth.

May 11, 1988.

Glenn O. Lewis, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., with C. Chris Marshall, Loretta Stauffer, Ken Dies, and St. Clair Theodore, Asst. Criminal Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, James Earl Turner, appeals from a jury conviction for aggravated robbery. *See* TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974). Punishment, enhanced by prior felony convictions, was assessed by the jury at ninety-nine years confinement in the Texas Department of Corrections and a $10,000.00 fine. On appeal, appellant raises two points of error both of which generally challenge the enhancement paragraphs.

We affirm.

The indictment in this case alleged four enhancement paragraphs as follows:

ENHANCEMENT PARAGRAPH ONE: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE BY THE SAID JAMES EARL TURNER, ON THE 5TH DAY OF JUNE, 1981, IN THE 213TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 24219, THE SAID JAMES EARL TURNER WAS CONVICTED OF A FELONY, TO-WIT: AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM, AND SAID CONVICTION BECAME FINAL PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE;

ENHANCEMENT PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE BY THE SAID JAMES EARL TURNER, ON THE 5TH DAY OF JUNE, 1981, IN THE 213TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 24218, THE SAID JAMES EARL TURNER WAS CONVICTED OF A FELONY, TO-WIT: AGGRAVATED ROBBERY WITH A DEADLY WEAPON, TO-WIT: A FIREARM, AND SAID CONVICTION BECAME FINAL PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE;

ENHANCEMENT PARAGRAPH THREE: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE BY THE SAID JAMES EARL TURNER, ON THE 5TH DAY OF

JUNE, 1981, IN THE 213TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 24217, THE SAID JAMES EARL TURNER WAS CONVICTED OF A FELONY, TO-WIT: AGGRAVATED ASSAULT WITH A DEADLY WEAPON, TO-WIT: A FIREARM, AND SAID CONVICTION BECAME FINAL PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE;

ENHANCEMENT PARAGRAPH FOUR: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT, THAT PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE BY THE SAID JAMES EARL TURNER, ON THE 24TH DAY OF JUNE, 1981, IN THE 213TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 26829A, THE SAID JAMES EARL TURNER WAS CONVICTED OF A FELONY, TO-WIT: SEXUAL ABUSE, AND SAID CONVICTION BECAME FINAL PRIOR TO THE COMMISSION OF THE AFORESAID OFFENSE.

During the punishment phase of the trial, appellant asked the court to force the State to elect one of the four enhancement paragraphs and arraign appellant on that paragraph alone. The court denied this motion, and appellant was arraigned on all four enhancement paragraphs before the jury. Appellant remained mute at the time of the arraignment causing the trial court to enter a plea of not true on behalf of appellant. Proof of appellant's prior convictions as alleged in the enhancement paragraphs of the indictment was admitted into evidence.

Appellant next objected to the court's charge which included the four enhancement paragraphs on the basis that "according to the Code of Criminal Procedure this Defendant can only be enhanced one time at these proceedings." Additionally, appellant argued the State failed to prove the sequence of appellant's prior felony convictions. The court overruled appellant's objection.

■ Appellant's points of error one and two assert the trial court erred in overruling appellant's objection to being arraigned before the jury on all four of the enhancement counts and in overruling appellant's objection to the court's charge at the punishment phase of the trial. We disagree.

Appellant was punished in accordance with TEX.PENAL CODE ANN. sec. 12.-42(c) (Vernon Supp.1988) which provides as follows:

If it be shown on the trial of a first-degree felony that the defendant has been *once before convicted* of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

*Id.* (emphasis added). In contrast, TEX. PENAL CODE ANN. sec. 12.42(d) provides the following:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of *two felony offenses,* and the second previous felony conviction is for an offense that occurred *subsequent* to the *first* previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

*Id.* (emphasis added).

■ The language of TEX.PENAL CODE ANN. sec. 12.42(c) does not require the State to prove any sequence of prior convictions alleged in the enhancement paragraphs because proof of one prior conviction is all that is necessary to enhance punishment under this subsection. The State need only establish the date the prior conviction became final and that the primary offense occurred subsequently. *White v. State,* 681 S.W.2d 731, 734 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd). Appellant appears to be confusing subsection (c) with the provisions of subsection (d), which enhances the minimum punishment upon a showing that the defendant

has two prior convictions. The second prior conviction must be for an offense that occurred after the first prior conviction became final. In such a case, the State must show a proper sequence under subsection (d). *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex.Crim.App.1987).

Additionally, the court of criminal appeals has held that under subsection (d), the State may allege all of the defendant's prior final felony convictions in the indictment and is not limited to just pleading two felony offenses. *Carter v. State*, 676 S.W. 2d 353, 355 (Tex.Crim.App.1984). In essence, it is permissible to allege more enhancement paragraphs than needed to prove two prior convictions under subsection (d). By analogy, it follows that the State is allowed to allege more enhancement paragraphs than needed to prove one prior conviction under subsection (c). Accordingly, the trial court did not commit any error in having the appellant arraigned before the jury on all four enhancement paragraphs. Appellant's points of error one and two are overruled.

The judgment of the lower court is affirmed.