**Leroy BARKER, Appellant,**

v.

**The STATE of Texas.**

**No. 2–95–107–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 29, 1996.

William H. 'Bill' Ray, Fort Worth, for appellant.

Tim Curry, Criminal District Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of the Appellate Section, Edward L. Wilkinson, Betty Arvin, Robert Foran, Fort Worth, for appellee.

Before BRIGHAM, J., and CHUCK MILLER and H. BRYAN POFF, Jr., JJ. (Sitting by Assignment).

## OPINION

CHUCK MILLER, Justice (Assigned).

Appellant Leroy Barker was indicted for the offense of indecency with a child. Barker pleaded not guilty to a jury, and, after hearing evidence, the jury found him guilty. Barker elected that the court assess punishment, and the court assessed his punishment at 25 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal Barker brings three points of error complaining that: (1) the evidence was insufficient; (2) that during his final argument, the prosecutor's objection was wrongfully sustained; and (3) that the penitentiary packets were erroneously admitted. We affirm.

In his first point of error, Barker attacks the legal sufficiency of the evidence. The standard of review in a legal sufficiency challenge is well established. The general rule for reviewing legal sufficiency of the evidence is that it will be viewed in the light most favorable to the verdict. *Bowers v. State*, 570 S.W.2d 929, 932 (Tex.Crim.App. 1978). The reviewing court must determine whether, considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 569–70 (1979); *Geesa v. State*, 820 S.W.2d 154, 160 (Tex.Crim.App.1991); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim. App.1991).

In a review of the legal sufficiency of the evidence, the trier of fact, in this case the jury, is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). "It is not the reviewing court's duty to disregard, realign or weigh evidence. This the factfinder has already done." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). The jury is free to believe or disbelieve the testimony of any witness, to reconcile conflicts in the testimony, and to accept or reject any or all of the evidence on either side. *Upton v. State*, 853 S.W.2d 548, 552 (Tex.Crim.App.1993); *see also Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992).

The evidence in this case consisted of two State's witnesses, L.V. and her friend, J.S. L.V. testified that on the day in question in February of 1994, she and J.S. were leaving their elementary school after classes when

they saw Barker parked in a small pickup truck in front of the school. She had seen Barker there before. As the two girls walked past the truck, L.V., walking closest to the truck, glanced in and saw that Barker had his jeans pulled half way down his thighs, exposing his "private parts." Barker's penis appeared to her to be pulled out. L.V. uttered to J.S. "[D]id you see that?" The girls promptly told a teacher who was monitoring the area. The teacher had the girls repeat their story to the principal. Upon hearing what happened, the principal returned with the girls to the scene and found that the truck and Barker were still there. The principal walked by the truck and looked in, but saw nothing unusual about Barker's appearance. Several days later, L.V. picked Barker out of a photographic line up. When the police initially questioned Barker, he produced false identification and gave a fictitious name. At trial, J.S. testified that she saw Barker's bare hips and buttocks, but not his penis.

On appeal, Barker points to "inconsistencies" and contradictions in the girls' testimony and the legitimate reason Barker had to be at the school (to pick up a child). Barker urges that these cause the evidence to be insufficient. He points out that 900 children attended the school and no one, either that day or previously, had reported anything amiss relative to Barker. Additionally, the girls later told the assistant principal, Lisa Strickland, that they did not see Barker's genitals. Also, J.S. reportedly later told L.V. that she did not see any genitals. The State counters that the 900 students had not been let out at the time the two girls first left the school building and, according to the evidence, only J.S. said she did not see Barker's genitals.

As pointed out in the cases cited above, any inconsistencies or contradictions in the testimony are for the trier of fact to resolve. It is not for the appellate court to do so, or to re-evaluate the evidence. We are to consider the evidence in the light most favorable to the State, and in doing so in this case we find that the eyewitness testimony, corroborated in part by the principal finding Barker and his truck at the location the two girls specified, is more than sufficient evidence of guilt under the *Jackson* standard.

Before ruling on Barker's point of error though, we must deal with another sufficiency standard that has recently come into play in cases such as this. After the submission of this case, the Court of Criminal Appeals held that *factual* sufficiency review is also available in all criminal cases. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim.App.1996). Although the court did not indicate whether it intended its holding in *Clewis* to be given retroactive effect, we will apply it in pending cases under submission on January 31, 1996, where the appellant asserts a sufficiency complaint under the *Jackson* standard that can be reasonably construed as raising a factual sufficiency challenge as well. We apply the *Clewis* standard here because we find that Smith's sufficiency argument may be reasonably construed as raising a factual sufficiency complaint.

According to *Clewis,* when addressing a factual sufficiency complaint, we must consider and weigh all of the evidence "without the prism of 'in the light most favorable to the prosecution,'" as required under *Jackson. Id.* (quoting *Stone v. State,* 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)). We should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust.

We have examined the record in this case, and in spite of the apparent contradictions asserted by Barker, we find the repudiations urged by the State to be persuasive, such that, on balance, the verdict is not so contrary to the overwhelming weight of the evidence to be clearly wrong or unjust. Having found that the evidence is factually and legally sufficient, point of error one is overruled.

In point of error number two, Barker complains of the trial court's sustaining the State's objection to a portion of Barker's final argument. The objected-to argument was "and the last witness, ... does he look like a little boy that would get out of school every day and walk up and get in the truck

with a man that didn't have clothes on?" The State's objection was sustained and the jury instructed to disregard the remark. On appeal, Barker maintains, and the State disputes, that the remark was either a summation of the evidence or a reasonable deduction from the evidence.

In *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973) the Court of Criminal Appeals said:

To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea to law enforcement. The arguments that go beyond these areas too often place before the jury unsworn, and most times believable, testimony of the attorney.

*Id.* at 231–32 [citations omitted]; *see also McFarland v. State*, 845 S.W.2d 824, 840 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Having examined the record, especially in regard to summation of the evidence and reasonable deduction from the evidence, we find that the remarks, especially the reference to "every day" and "doesn't have any clothes on," do not fit into any of these areas. Thus, the trial court was correct in sustaining the State's objection. Point of error number two is overruled.

In point of error number three, Barker alleges that State's exhibits 3 through 6 were erroneously admitted into evidence over his objection. These exhibits were penitentiary packets of Barker's prior convictions. At

issue here is then TEX. CODE CRIM. PROC. ANN. art. 42.09 § 8(b) (Vernon Supp.1994)[1] and TEX. R. CRIM. EVID. 902(4).[2] At the time of trial in this case, the article plainly called for the director to certify the documents, and, if the director did so, the document became self-authenticating. In this case, the pen packets were certified to under seal by the records clerk, not the director, and this was the basis of Barker's objection. Rule 902(4) is urged by the State as the vehicle for admission. *Reed v. State*, 811 S.W.2d 582, 586 (Tex.Crim.App.1991).

The plain meaning of a statute is to be given effect unless to do so would lead to absurd consequences that were not possibly intended by the enacting body. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). If one interpretation of a statute produces absurd results and the other does not, the statute should be interpreted to effect the latter. *Muniz v. State*, 851 S.W.2d 238, 244 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). We could interpret section 8(b) to require the actual director's signature for admission of this particular class of public documents, when every other similar class would only have to meet the broader and easier requirements of Rule 902(1) through (4). We cannot imagine that this was the intent of the legislature in enacting section 8(b). Rather, it is quite plausible that section 8(b)'s requirement is one automatic vehicle for admission that the legislature enacted to provide a sure-fire method of admission, but not an exclusive one. This seems the reasonable

1. *See* Act effective Sept. 1, 1993, 73rd Leg., R.S., ch. 900, § 5.03, 1993 Tex. Gen. Laws 3586, 3754. The 1995 Legislature amended article 42.09 section 8(b) to read:
The Texas Department of Criminal Justice shall not take a defendant into custody under this article until the *designated officer* receives the documents required by Subsections (a) and (c) of this section. The *designated officer* shall certify under the seal of the department the documents received under Subsections (a) and (c) of this section. A document certified under this subsection is self-authenticated for the purposes of Rules 901 and 902, Texas Rules of Criminal Evidence.
*See* TEX. CODE CRIM. PROC. ANN. art. 42.09, § 8(b) (Vernon Supp.1996) (emphasis added).

2. Texas Rule of Criminal Evidence 902(4) provides:
(4) **Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.
TEX. R. CRIM. EVID. 902(4).

interpretation, while the interpretation of exclusivity seems the absurd one. The documents do, on their face, meet the requirements of Rule 902(4), and thus we hold that the trial court did not err in overruling Barker's objections. Point of error number three is overruled.

The judgment of the trial court is affirmed.