

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00138-CR

MICHAEL WAYNE BARTEE                                   APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Michael Wayne Bartee appeals his conviction and sentence for his seventh driving while intoxicated (DWI) conviction imposed after he pleaded guilty and true to enhancement and habitual offender paragraphs in the indictment. In two issues, he contends that the State improperly used for

---

[1]*See* Tex. R. App. P. 47.4.

enhancement two prior felony convictions that became final on the same date and that his attorney's representation was constitutionally ineffective. We affirm.

## Background Facts and Procedural History

Appellant went to prison in 1971 after he pleaded guilty to robbery with firearms. He made parole after serving five years of a ten-year sentence. In 1985, he committed his first DWI and was granted probation. He pleaded guilty to his second DWI in 1987 and again received probation.

Appellant committed his third DWI in 1990 and his fourth DWI in 1991. He pleaded guilty to both and received probated sentences in each.

In 1993, while still on probation, Appellant committed his fifth DWI. Again, his sentence was probated.

Appellant committed his sixth DWI while on probation for two of his previous DWIs. On January 6, 1998, the trial court revoked the two probations and ordered Appellant confined for five years on each. Also on that date, the trial court accepted Appellant's guilty plea on his sixth DWI and sentenced him to eight years' confinement to run concurrently with the two five-year sentences imposed for the revocations. Appellant served four of the eight years.

On March 14, 2009, Appellant committed his seventh DWI, and the State charged him as a habitual offender.[2] Appellant pleaded guilty to the charge and true to the enhancements. After hearing evidence on punishment, including

---

[2]See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2010).

Appellant's testimony admitting the prior convictions, the jury assessed his punishment at ninety-nine years' confinement. The trial court sentenced Appellant accordingly. Appellant now brings two issues on appeal.

## Enhancements

In Appellant's first issue, he contends that the evidence is insufficient to support the verdict because the State improperly relied on two prior felony convictions for enhancement—his fifth and sixth DWIs—that both became final on January 6, 1998, when Appellant was convicted of the latter and had his probation revoked on the former.

The law concerning sufficiency of the evidence to prove enhancement for habitual felony offenders is well settled. *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (op. on reh'g). Section 12.42(d) of the penal code provides, in pertinent part,

> [I]f it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code Ann. § 12.42(d).

Thus, the statute requires the State to prove this chronological sequence of events:

(1) the first conviction becomes final;

(2) the offense leading to a later conviction is committed;

(3) the later conviction becomes final;

(4) the offense for which the defendant presently stands accused is committed.

*Miller*, 330 S.W.3d at 624; *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008); *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987); *see Valdez v. State*, 218 S.W.3d 82, 84 (Tex. Crim. App. 2007).

The State may properly allege all prior convictions tallied against a particular defendant. *Carter v. State*, 676 S.W.2d 353, 355 n.3 (Tex. Crim. App. 1984), *overruled on other grounds by Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999); *Turner v. State*, 750 S.W.2d 48, 51 (Tex. App.—Fort Worth, 1988, no pet.). When the State alleges a combination of more than two prior felonies for enhancement purposes, juror unanimity is not required on any two specific felonies out of the combination, only on whether the defendant had committed a subsequent felony after a prior felony had become final. *Valdez*, 218 S.W.3d at 84.

The court of criminal appeals has long held that a probated sentence is not a final conviction for enhancement purposes unless it is revoked. *Ex parte White*, 211 S.W.3d 316, 319 (Tex. Crim. App. 2007); *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992). If a defendant is placed on probation, has his probation revoked, and then is sent to prison, his conviction is final on the date his probation is revoked. *Jordan v. State*, 36 S.W.3d 871, 875 (Tex. Crim.

4

App. 2001); *Cockrell v. State*, 632 S.W.2d 664, 667 (Tex. App.—Fort Worth 1982, pet. ref'd).

It is undisputed in this case that Appellant was on trial for a felony offense other than a state jail felony. The State alleged two prior misdemeanor DWIs and one prior felony DWI in the jurisdictional paragraphs to elevate his latest offense to a third-degree felony. *See* Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2010). In addition to these jurisdictional prior convictions, the State's indictment alleged three prior felony convictions in two enhancement paragraphs and in a habitual count. The first enhancement paragraph set out Appellant's sixth felony DWI conviction, and the second paragraph set out his fifth. The habitual count alleged his prior robbery conviction. That conviction was final in 1971.

Before a jury, Appellant pleaded guilty to the charged offense and true to both enhancement paragraphs and to the habitual count. Furthermore, the evidence showed that Appellant was finally convicted of all three prior felonies: the 1971 robbery and two felony DWIs, which became final in 1998. During the punishment phase, the trial court admitted documentary evidence of the prior felony convictions in the form of judgments and pen packets. And from the witness stand, Appellant acknowledged that he had committed the robbery and no less than four felony DWI's.

To support Appellant's sentencing as a habitual offender, the evidence had to show that he committed a felony after being finally convicted of a previous

felony.  *See* Tex. Penal Code. Ann. § 12.42(d).  The evidence showed that Appellant's previous felony conviction was the robbery that became final in 1971, and that his subsequent felony was his fifth or sixth DWI, which he committed decades later.  The indictment in this case comports with the requirement for the proper chronology of previous felony convictions.  There were two enhancement paragraphs, either of which would support the range of punishment submitted.  Appellant pleaded true to each.  The habitual count alleged that Appellant was convicted of robbery with firearms and that the conviction was final prior to each of the offenses contained in the two enhancement paragraphs.  Again, Appellant pleaded true.  The indictment does not allege habitual status based on the two enhancement paragraphs alone as Appellant contends.

Because the State alleged and the evidence proved two prior felonies, both of which became final on January 6, 1998, because both of these offenses were committed after the robbery had become final, and because the jury need not have been unanimous on which subsequent DWI the State proved, we hold that the evidence is sufficient to support the verdict.  *See Miller*, 330 S.W.3d at 624; *Jordan*, 256 S.W.3d at 290–91; *Valdez*, 218 S.W.3d at 84.  Accordingly, we overrule Appellant's first issue.

### Effective Assistance of Counsel

In his second issue, Appellant claims that his trial counsel provided ineffective representation.

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d

7

at 63).  To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813).  It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.  *Id.* at 697, 104 S. Ct. at 2070.

Here, Appellant specifically contends that his trial counsel provided ineffective assistance because counsel did not investigate Appellant's prior offenses, did not file pretrial motions, did not object to key pieces of evidence that lacked proper foundation, insisted that Appellant testify, and refused to call other witnesses on Appellant's behalf.

Although Appellant asserts in his brief that his attorney insisted Appellant take the stand in his defense at trial, he provides no argument to support this

8

assertion in his brief. Accordingly, we will consider this contention no further. *See* Tex. R. App. P. 38.1(i); *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005), *cert. denied*, 548 U.S. 926 (2006); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 1053 (2001).

The complaints for which Appellant provides argument in his brief are as follows:

(1) counsel did not file pretrial motions;

(2) counsel called no witnesses other than Appellant;

(3) counsel did not investigate Appellant's prior convictions; and

(4) counsel did not object to evidence of the prior convictions that the State introduced without having first laid the proper foundation for admission.

The State agrees and the record confirms that Appellant's counsel filed no pretrial motions. However, the failure to file any pretrial motions generally does not constitute ineffective assistance of counsel—particularly when Appellant does not assert which motions should have been filed. *Hayes v. State*, 484 S.W.2d 922, 925 (Tex. Crim. App. 1972) (holding ineffective assistance claim lacked merit where the appellant did not point out which pretrial motion trial counsel should have filed); *Autry v. State*, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref'd). Here, the only pretrial motion Appellant faults trial counsel for not filing is a motion to quash the indictment regarding its inclusion of prior convictions for enhancement purposes. As noted above, however, the State was entitled to allege all of Appellant's prior convictions. *See Carter*, 676

9

S.W.2d at n.3; *Turner*, 750 S.W.2d at 51. Moreover, the record is silent as to why Appellant's counsel did not file any pretrial motions, and a silent record as to counsel's thought processes will not overcome the strong presumption of reasonably effective assistance of counsel. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14.

Appellant faults his counsel for not calling family members to testify on his behalf. But the record is silent as to whether Appellant had any family members or other witnesses besides himself who could have or would have testified on his behalf. Appellant does not point out who would have testified for him if counsel had called them, what they would have testified to, or how their testimony would have affected the verdict. Because this allegation of ineffectiveness is not grounded in the record, it is without merit.[3] *See Thompson*, 9 S.W.3d at 813–14.

Appellant also faults his counsel for not investigating his prior convictions, arguing that had he done so, he would have discovered that two of the priors used for enhancement became final on the same day. As we have already held above, however, the fact that two of the prior convictions became final on the same day is of no moment in this case because the habitual allegation was sustained with proof of the prior robbery conviction that became final decades

---

[3]Appellant filed a motion for new trial and motion in arrest of judgment. Ineffective assistance of counsel was not raised in that motion. The record is silent as to defense counsel's reasons for calling or not calling witnesses.

before either of the prior felony DWIs alleged for enhancement. Accordingly, there is no merit to this claim of ineffectiveness.

Finally, Appellant criticizes his trial counsel for not objecting to documents admitted as evidence of his prior convictions because they were admitted without the proper foundation. State's Exhibits 10 and 11 are certified copies of records, also known as "pen packets," from the Texas Department of Criminal Justice, which are admissible as proof of prior convictions. *See Barker v. State*, 931 S.W.2d 344, 348–49 (Tex. App.—Fort Worth 1996, pet. ref'd). State's Exhibit 10 contains copies of the judgment for Appellant's sixth DWI and the judgments revoking probation in his fourth and fifth DWIs, all felonies. State's Exhibit 12 is a certified copy of Appellant's Texas Department of Public Safety driving record. It was admissible under Texas Rule of Evidence 902(4). *See Gibson v. State*, 952 S.W.2d 569, 572 (Tex. App.—Fort Worth 1997, pet. ref'd). State's Exhibit 13 is a copy of the probation order for Appellant's fourth DWI, entitled Judgment of Guilty or Nolo Contendere Before Court Waiver of Jury Trial. It does not appear to be a certified copy, but even if it were objectionable on that basis, its admission was harmless because the judgment revoking probation in that cause was properly admitted in State's Exhibit 10. Similarly, State's Exhibit 14, which is the probation order for Appellant's fifth DWI, and State's Exhibit 15, which is the information charging him for his sixth, are contained in State's Exhibit 10. Finally, State's Exhibits 16 and 17 are certified copies of public records. *See* Tex. R. Evid. 902(4). Because all of the complained-of records were either properly

admitted or clearly harmless at trial, counsel was not ineffective for not objecting to them.

Appellant has failed to meet his burden of showing by a preponderance of the evidence that his trial counsel's representation fell below the standard of prevailing professional norms. *See Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."); *Clark v. State*, 324 S.W.3d 620, 633 (Tex. App.—Fort Worth 2010, pet. ref'd). We overrule Appellant's second issue.

## Conclusion

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 14, 2011