02-10-138-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00138-CR

 

 


 
 
 Michael Wayne Bartee
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 355th
District Court OF Hood COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Introduction

          Appellant
Michael Wayne Bartee appeals his conviction and sentence for his seventh
driving while intoxicated (DWI) conviction imposed after he pleaded guilty and
true to enhancement and habitual offender paragraphs in the indictment.  In two
issues, he contends that the State improperly used for enhancement two prior
felony convictions that became final on the same date and that his attorney’s
representation was constitutionally ineffective.  We affirm.

Background
Facts and Procedural History

          Appellant
went to prison in 1971 after he pleaded guilty to robbery with firearms.  He made
parole after serving five years of a ten-year sentence.  In 1985, he committed
his first DWI and was granted probation.  He pleaded guilty to his second DWI in
1987 and again received probation.

          Appellant
committed his third DWI in 1990 and his fourth DWI in 1991.  He pleaded guilty
to both and received probated sentences in each.

          In
1993, while still on probation, Appellant committed his fifth DWI.  Again, his
sentence was probated.

          Appellant
committed his sixth DWI while on probation for two of his previous DWIs.  On
January 6, 1998, the trial court revoked the two probations and ordered
Appellant confined for five years on each.  Also on that date, the trial court accepted
Appellant’s guilty plea on his sixth DWI and sentenced him to eight years’
confinement to run concurrently with the two five-year sentences imposed for
the revocations.  Appellant served four of the eight years.

          On
March 14, 2009, Appellant committed his seventh DWI, and the State charged him
as a habitual offender.[2]  Appellant pleaded guilty
to the charge and true to the enhancements.  After hearing evidence on
punishment, including Appellant’s testimony admitting the prior convictions, the
jury assessed his punishment at ninety-nine years’ confinement.  The trial
court sentenced Appellant accordingly.  Appellant now brings two issues on
appeal.

Enhancements

          In
Appellant’s first issue, he contends that the evidence is insufficient to
support the verdict because the State improperly relied on two prior felony convictions
for enhancement––his fifth and sixth DWIs––that both became final on January 6,
1998, when Appellant was convicted of the latter and had his probation revoked
on the former.

          The
law concerning sufficiency of the evidence to prove enhancement for habitual
felony offenders is well settled.  Ex parte Miller, 330 S.W.3d 610, 624
(Tex. Crim. App. 2009) (op. on reh’g).  Section 12.42(d) of the penal code
provides, in pertinent part,

[I]f it is shown on
the trial of a felony offense other than a state jail felony . . . that the
defendant has previously been finally convicted of two felony offenses, and the
second previous felony conviction is for an offense that occurred subsequent to
the first previous conviction having become final, on conviction he shall be
punished by imprisonment in the Texas Department of Criminal Justice for life,
or for any term of not more than 99 years or less than 25 years.

 

Tex.
Penal Code Ann. § 12.42(d).

          Thus,
the statute requires the State to prove this chronological sequence of events:

          (1)
the first conviction becomes final;

          (2)
the offense leading to a later conviction is committed;

          (3)
the later conviction becomes final;

(4) the offense for
which the defendant presently stands accused is committed.

 

Miller, 330
S.W.3d at 624; Jordan v. State, 256 S.W.3d 286, 290–91 (Tex. Crim. App.
2008); Tomlin v. State, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987); see
Valdez v. State, 218 S.W.3d 82, 84 (Tex. Crim. App. 2007).

          The
State may properly allege all prior convictions tallied against a particular
defendant.  Carter v. State, 676 S.W.2d 353, 355 n.3 (Tex. Crim. App.
1984), overruled on other grounds by Bell v. State, 994 S.W.2d 173, 175
(Tex. Crim. App. 1999); Turner v. State, 750 S.W.2d 48, 51 (Tex.
App.––Fort Worth, 1988, no pet.).  When the State alleges a combination of more
than two prior felonies for enhancement purposes, juror unanimity is not
required on any two specific felonies out of the combination, only on whether the
defendant had committed a subsequent felony after a prior felony had become
final.  Valdez, 218 S.W.3d at 84.

          The
court of criminal appeals has long held that a probated sentence is not a final
conviction for enhancement purposes unless it is revoked.  Ex parte White,
211 S.W.3d 316, 319 (Tex. Crim. App. 2007); Ex parte Langley, 833 S.W.2d
141, 143 (Tex. Crim. App. 1992).  If a defendant is placed on probation,
has his probation revoked, and then is sent to prison, his conviction is final
on the date his probation is revoked.  Jordan v. State, 36 S.W.3d 871,
875 (Tex. Crim. App. 2001); Cockrell v. State, 632 S.W.2d 664, 667 (Tex.
App.––Fort Worth 1982, pet. ref’d).

          It
is undisputed in this case that Appellant was on trial for a felony offense
other than a state jail felony.  The State alleged two prior misdemeanor DWIs and
one prior felony DWI in the jurisdictional paragraphs to elevate his latest
offense to a third-degree felony.  See Tex. Penal Code Ann. § 49.09(b)(2)
(Vernon Supp. 2010).  In addition to these jurisdictional prior convictions, the
State’s indictment alleged three prior felony convictions in two enhancement
paragraphs and in a habitual count.  The first enhancement paragraph set out
Appellant’s sixth felony DWI conviction, and the second paragraph set out his
fifth.  The habitual count alleged his prior robbery conviction.  That
conviction was final in 1971.

          Before
a jury, Appellant pleaded guilty to the charged offense and true to both
enhancement paragraphs and to the habitual count.  Furthermore, the evidence
showed that Appellant was finally convicted of all three prior felonies:  the
1971 robbery and two felony DWIs, which became final in 1998.  During the
punishment phase, the trial court admitted documentary evidence of the prior felony
convictions in the form of judgments and pen packets.  And from the witness
stand, Appellant acknowledged that he had committed the robbery and no less
than four felony DWI’s.

          To
support Appellant’s sentencing as a habitual offender, the evidence had to show
that he committed a felony after being finally convicted of a previous felony.  See
Tex. Penal Code. Ann. § 12.42(d).  The evidence showed that Appellant’s
previous felony conviction was the robbery that became final in 1971, and that
his subsequent felony was his fifth or sixth DWI, which he committed decades
later.  The indictment in this case comports with the requirement for the
proper chronology of previous felony convictions.  There were two enhancement
paragraphs, either of which would support the range of punishment submitted. 
Appellant pleaded true to each.  The habitual count alleged that Appellant was
convicted of robbery with firearms and that the conviction was final prior to
each of the offenses contained in the two enhancement paragraphs.  Again,
Appellant pleaded true.  The indictment does not allege habitual status based
on the two enhancement paragraphs alone as Appellant contends.

          Because
the State alleged and the evidence proved two prior felonies, both of which
became final on January 6, 1998, because both of these offenses were committed
after the robbery had become final, and because the jury need not have been
unanimous on which subsequent DWI the State proved, we hold that the evidence
is sufficient to support the verdict.  See Miller, 330 S.W.3d at 624; Jordan,
256 S.W.3d at 290–91; Valdez, 218 S.W.3d at 84.  Accordingly, we
overrule Appellant’s first issue.

Effective
Assistance of Counsel

          In
his second issue, Appellant claims that his trial counsel provided ineffective representation.

          To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62–63 (Tex. Crim. App.
2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

          In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable
under all the circumstances and prevailing professional norms at the time of
the alleged error.  See Strickland, 466 U.S. at 688–89, 104 S. Ct. at
2065.  Review of counsel’s representation is highly deferential, and the
reviewing court indulges a strong presumption that counsel’s conduct fell
within a wide range of reasonable representation.  Salinas, 163 S.W.3d
at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d
at 813–14.  “In the majority of cases, the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d
at 63).  To overcome the presumption of reasonable professional assistance,
“any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex. Crim.
App. 2007).

          The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In
other words, an appellant must show there is a reasonable probability that, but
for counsel’s unprofessional errors, the result of the proceeding would have
been different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.  Id.  The ultimate focus of our inquiry must be on the
fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

          Here,
Appellant specifically contends that his trial counsel provided ineffective
assistance because counsel did not investigate Appellant’s prior offenses, did
not file pretrial motions, did not object to key pieces of evidence that lacked
proper foundation, insisted that Appellant testify, and refused to call other
witnesses on Appellant’s behalf.

          Although
Appellant asserts in his brief that his attorney insisted Appellant take the
stand in his defense at trial, he provides no argument to support this
assertion in his brief.  Accordingly, we will consider this contention no
further.  See Tex. R. App. P. 38.1(i); Russeau v. State, 171
S.W.3d 871, 881 (Tex. Crim. App. 2005), cert. denied, 548 U.S. 926
(2006); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001).

          The
complaints for which Appellant provides argument in his brief are as follows:

          (1) 
counsel did not file pretrial motions;

          (2) 
counsel called no witnesses other than Appellant;

          (3)
counsel did not investigate Appellant’s prior convictions; and

(4) counsel did not
object to evidence of the prior convictions that the State introduced without
having first laid the proper foundation for admission.

 

          The
State agrees and the record confirms that Appellant’s counsel filed no pretrial
motions.  However, the failure to file any pretrial motions generally does not
constitute ineffective assistance of counsel––particularly when Appellant does
not assert which motions should have been filed.  Hayes v. State, 484
S.W.2d 922, 925 (Tex. Crim. App. 1972) (holding ineffective assistance claim
lacked merit where the appellant did not point out which pretrial motion trial
counsel should have filed); Autry v. State, 27 S.W.3d 177, 182 (Tex.
App.––San Antonio 2000, pet. ref’d).  Here, the only pretrial motion Appellant
faults trial counsel for not filing is a motion to quash the indictment
regarding its inclusion of prior convictions for enhancement purposes.  As noted
above, however, the State was entitled to allege all of Appellant’s prior
convictions.  See Carter, 676 S.W.2d at n.3; Turner, 750 S.W.2d
at 51.  Moreover, the record is silent as to why Appellant’s counsel did not
file any pretrial motions, and a silent record as to counsel’s thought
processes will not overcome the strong presumption of reasonably effective
assistance of counsel.  See Rylander v. State, 101 S.W.3d 107, 111 (Tex.
Crim. App. 2003); Thompson, 9 S.W.3d at 813–14.

          Appellant
faults his counsel for not calling family members to testify on his behalf. 
But the record is silent as to whether Appellant had any family members or
other witnesses besides himself who could have or would have testified on his
behalf.  Appellant does not point out who would have testified for him if
counsel had called them, what they would have testified to, or how their testimony
would have affected the verdict.  Because this allegation of ineffectiveness is
not grounded in the record, it is without merit.[3]  See Thompson, 9
S.W.3d at 813–14.

          Appellant
also faults his counsel for not investigating his prior convictions, arguing
that had he done so, he would have discovered that two of the priors used for
enhancement became final on the same day.  As we have already held above,
however, the fact that two of the prior convictions became final on the same
day is of no moment in this case because the habitual allegation was sustained
with proof of the prior robbery conviction that became final decades before
either of the prior felony DWIs alleged for enhancement.  Accordingly, there is
no merit to this claim of ineffectiveness.

          Finally,
Appellant criticizes his trial counsel for not objecting to documents admitted
as evidence of his prior convictions because they were admitted without the
proper foundation.  State’s Exhibits 10 and 11 are certified copies of records,
also known as “pen packets,” from the Texas Department of Criminal Justice,
which are admissible as proof of prior convictions.  See Barker v. State,
931 S.W.2d 344, 348–49 (Tex. App.––Fort Worth 1996, pet. ref’d).  State’s Exhibit
10 contains copies of the judgment for Appellant’s sixth DWI and the judgments
revoking probation in his fourth and fifth DWIs, all felonies.  State’s Exhibit
12 is a certified copy of Appellant’s Texas Department of Public Safety driving
record.  It was admissible under Texas Rule of Evidence 902(4).  See Gibson
v. State, 952 S.W.2d 569, 572 (Tex. App.––Fort Worth 1997, pet. ref’d).  State’s
Exhibit 13 is a copy of the probation order for Appellant’s fourth DWI,
entitled Judgment of Guilty or Nolo Contendere Before Court Waiver of Jury
Trial.  It does not appear to be a certified copy, but even if it were
objectionable on that basis, its admission was harmless because the judgment revoking
probation in that cause was properly admitted in State’s Exhibit 10.  Similarly,
State’s Exhibit 14, which is the probation order for Appellant’s fifth DWI, and
State’s Exhibit 15, which is the information charging him for his sixth, are
contained in State’s Exhibit 10.  Finally, State’s Exhibits 16 and 17 are certified
copies of public records.  See Tex. R. Evid. 902(4).  Because all of the
complained-of records were either properly admitted or clearly harmless at
trial, counsel was not ineffective for not objecting to them.

          Appellant
has failed to meet his burden of showing by a preponderance of the evidence
that his trial counsel’s representation fell below the standard of prevailing
professional norms.  See Strickland, 466 U.S. at 690, 104 S. Ct. at 2066;
see also Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)
(“[T]rial counsel should ordinarily be afforded an opportunity to explain his
actions before being denounced as ineffective.”); Clark v. State, 324
S.W.3d 620, 633 (Tex.  App.—Fort Worth 2010, pet. ref’d).  We overrule
Appellant’s second issue.

Conclusion

          Having
overruled both of Appellant’s issues, we affirm the judgment of the trial
court.

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 14, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. §
12.42(d) (Vernon Supp. 2010).





[3]Appellant filed a motion
for new trial and motion in arrest of judgment.  Ineffective assistance of
counsel was not raised in that motion.  The record is silent as to defense
counsel’s reasons for calling or not calling witnesses.